IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff-Appellee,<br><br>v.<br><br><br>RICHARD M. SCRUSHY,<br>　　　　Defendant-Appellant. | Case No. 2:05-CR-119-MEF |

**MOTION PURSUANT TO FED. R. CRIM. P. 38 TO CONTINUE TO MAINTAIN FINE, COST OF INCARCERATION AND RESTITUTION AMOUNTS IN THE REGISTRY OF THE COURT PENDING APPEAL AND RESOLUTION OF THE MOTION FOR NEW TRIAL**

COMES NOW Defendant Richard M. Scrushy, by and through his undersigned counsel of record, and files this "Motion Pursuant to Fed. R. Crim. P. 38(c) and (e)(1) to Continue to Maintain Fine, Cost of Incarceration and Restitution Amounts in the Registry of the Court Pending Appeal." In support of this motion, Defendant respectfully shows this Court the following:

1. On June 28, 2007, this Court sentenced Defendant to 82 months imprisonment. (Doc. 627.) In addition, this Court imposed $600 in special assessments, a $150,000 fine, and $267,000 in restitution due immediately. Finally, the Court ordered Defendant to pay the cost of imprisonment and

supervision at the rate of $1,952.66 per month for imprisonment and $3,450.00 per year for supervision. (*Id.*)

2. On August 23, 2007, Defendant moved this Court to permit the payment of fine and restitution amounts into the registry of the Court. (Doc. 648.)

3. On August 31, 2007, this Court granted Defendant's motion, setting out terms for the submission of funds into the registry of the Court. (Doc. 651.) The Court ordered that the $150,000 fine and $267,000 in restitution be deposited into the registry of the Court by September 14, 2007. (*Id.* at 2.) The Court further ordered that the cost of incarceration would be due on a monthly basis and the payments were to be held by the Clerk in the registry as well. (*Id.* at 5-6.) As to all of the above sums the Court directed the Clerk to release the funds upon issuance of the mandate from the Eleventh Circuit affirming Mr. Scrushy's conviction. (*Id.* at 4-6.) Mr. Scrushy has complied with the Court's Order and all funds are in the registry of the Court.

4. On August 12, 2009, the Eleventh Circuit issued its mandate affirming Defendant's conviction.

5. Defendant moves this Court to enter an Order pursuant to Fed. R. Crim. P. 38(c), (e)(1) and (e)(2)(c) providing that the funds currently on deposit with the Clerk be maintained while the case is on direct appeal to the United States Supreme Court and until Defendant's recently filed Motion for New Trial is

resolved. (Doc. 953.) Defendant's Petition for Writ of Certiorari was filed in the Supreme Court on August 10, 2009. Defendant's Motion for New Trial was filed in this Court on June 26, 2009. (*Id.*) Both proceedings are awaiting further action of each Court.

6. Under Rule 38(c), if a defendant appeals, this Court "may stay the sentence to pay a fine or a fine and costs….on any terms considered appropriate..." including requiring defendant "to deposit all or part of the fine and costs into the district court's registry pending appeal;…" as the Court has done here. Rule 38(e)(1) and (e)(2)(c) extend the same power to the Court regarding restitution. Whether to grant the stay is in the Court's discretion. *See United States v. Tallant,* 407 F.Supp. 896 (N.D.Ga. 1975), *aff'd,* 547 F.2d 1291 (11th Cir. 1977).

7. Maintaining the deposited sums in the Court's registry fully protects the Government and the private party to which restitution is due in the event that Defendant's conviction is affirmed by the Supreme Court and his Motion for New Trial is denied. It also protects Defendant and the Government, in the event his conviction is reversed.

8. Defendant does not make this request for purposes of delay. Defendant has already tendered all required monies into the registry of the Court. Neither the Government nor the entity awarded restitution (United Way of Central Alabama, Inc.) will be harmed if this Court grants the additional stay requested in this

motion, especially in light of the fact that this Court's Order provides that the funds be held in an interest bearing account, with the accrued interest on the fine, costs and restitution going to the United States and United Way, respectively, should Scrushy not prevail on appeal. (Doc. 651 at 2-3.) Additionally, United Way is not a victim in this case, and is not being compensated for any loss by the restitution this Court ordered. Rather, United Way is simply the designee charity of the victim pursuant to this Court's August 31, 2007 Order. (Doc. 651 at ¶ 3.)

9. Defendant, on the other hand, stands to suffer irreparable harm if this Court does not extend its stay until resolution of his direct appeal and his Motion for New Trial. Should Scrushy prevail on either his appeal to the Supreme Court or his Motion for New Trial, this Court would have the authority to order the Government to return his previously-paid fine and costs, regardless of whether the monies had been transferred from the registry of the Court. *Telink, Inc. v. United States*, 24 F.3d 835, 836 (9th Cir. 1994) (holding that if a conviction is vacated "wrongly paid fines would be automatically refunded, without requiring a civil action and without regard to the limitations period for civil actions."); *United States v. Lewis*, 478 F.2d 835, 836 (5th Cir. 1973) (same); *United States v. Beckner*, 16 F.Supp.2d 677, 678 (M.D. La. 1998) (same).[1] However, if the

---

[1] In fact, should that occur, the Government might find it considerably simpler to agree to this Court's ordering the return of the funds from the registry of the

4

restitution funds are disbursed to United Way, it is questionable if Defendant would have any avenue to recapture those funds if his conviction were reversed or if he were granted a new trial. *See United States v. Hayes,* 385 F.3d 1226, 1230 (9th Cir. 2003) (holding that the Government cannot be compelled to return money it no longer has).

    8. By extending the stay until resolution of Defendant's direct appeal and his pending Motion for New Trial, the Court can assure that no party will be harmed, and that procedures for returning the money to Defendant or transferring the money to the Government and United Way depending on the outcome of the pending proceedings will be significantly simplified.

    WHEREFORE, for the above and foregoing reasons, Defendant Richard M. Scrushy respectfully requests that, pursuant to Fed. R. Crim. P. 38(c) and (e)(1), this Court order that the funds currently on deposit be maintained by the Clerk pending resolution of the appeal before the Supreme Court of the United States and the Motion for New Trial, and such other and further relief as this Court may deem just and proper.

---

Court than to take the necessary steps to repatriate the funds from wherever they were dispersed by the Clerk.

This 28th day of August, 2009.

                    Respectfully submitted,

                    /s/ *Arthur W. Leach*
                    Arthur W. Leach
                    5780 Windward Parkway
                    Suite 225
                    Alpharetta, Georgia 30305
                    Phone: 404-786-6443
                    E-mail: Art@ArthurWLeach.com

                    James K. Jenkins
                    MALOY JENKINS PARKER
                    Twenty-Fifth Floor
                    75 Fourteenth Street, NW
                    Atlanta, Georgia 30309
                    Phone:  404-875-2700

                    Leslie V. Moore
                    MOORE & ASSOCIATES
                    15 Southlake Lane, Suite 260
                    Hoover, Alabama  35244
                    205-403-9116

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2009, I personally filed the foregoing "Motion Pursuant to Fed. R. Crim. P. 38 to Continue to Maintain Fine, Cost of Incarceration and Restitution Amounts in the Registry of the Court Pending Appeal and Resolution of the Motion for New Trial" with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

/s/ *Leslie V. Moore*
Leslie V. Moore
15 Southlake Lane, Suite 260
Hoover, Alabama  35244
205-403-9116
E-Mail: les.moore@malaw1.com