IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA      )
                                 )
v.                             )        CASE NO. 2:05-cr-119-MEF [WO]
                                 )
RICHARD M. SCRUSHY           )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Richard M. Scrushy's renewed Motion for Release on Bond. (Doc. # 1066.) In the motion, Mr. Scrushy argues that he is entitled to release pending appeal pursuant to 18 U.S.C. § 3143(b)(1). (Doc. # 1066, at 1.) The Government opposes, arguing that Mr. Scrushy meets neither of § 3143(b)(1)'s requirements. (Doc. # 1068, at 1-2.) Having considered the arguments of counsel and the relevant law, the court concludes that Mr. Scrushy's motions are due to be denied.

A defendant who is sentenced to a term of imprisonment bears the burden of showing that he is entitled to release pending appeal under the criteria established by § 3143(b). *See, e.g., United States v. Giancola*, 754 F.2d 898, 900-01 (11th Cir. 1985). In order to qualify for release, Mr. Scrushy must make two showings. Section 3143(b)(1)(A) requires Mr. Scrushy to show "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." § 3143(b)(1)(A). In addition, § 3143(b)(1)(B) requires Mr. Scrushy to show "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . reversal, [or] an order for a new trial . . . ." § 3143(b)(1)(B)(i and ii).

## A.    Substantial Question

In reference to § 3143(b)(1)(B)(i) and (ii), Mr. Scrushy submits that the recent stay of Governor Siegelman's mandate by the Eleventh Circuit "was necessarily a finding that Siegelman's certiorari petition *would* present a 'substantial question' to the Supreme Court." (Doc. # 1066, at 3 (emphasis in original).)  Defendant Scrushy attempts to seize upon the fact that Fed. R. App. P. 41(d)(2) and § 3143(b)(1)(B) employ the term "substantial question."

Federal Rule of Appellate Procedure 41(d)(2) states that "[a] party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court.  The motion . . . must show that the certiorari petition would present a *substantial question*. . . ." *Id.* (emphasis added).  Several courts of appeals, in reliance on Supreme Court authority, have attributed to the phrase "substantial question" the following multi-faceted test:  (1) whether there is a reasonable probability that the Supreme Court will grant certiorari; (2) whether there is a fair prospect that the movant will prevail on the merits; (3) whether the movant is likely to suffer irreparable harm in the absence of a stay; and (4) the balance of the equities, including the public interest.  *See, e.g., United States v. Bogle*, 855 F.2d 707, 708-09 (11th Cir. 1988) (citing *Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980) (Brennan, J., in chambers); *Deaver v. United States*, 107 S. Ct. 3177 (1987) (Rehnquist, C.J., in chambers)); *see also John Doe I v. Miller*, 418 F.3d 950, 951 (8th Cir. 2005); *see also United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993).  The Eleventh Circuit's Order does not mention

Fed. R. App. 41(d)(2) nor any of the four factors listed above. Accordingly, the Court is unable to decipher the level of emphasis placed on any one of them.

18 U.S.C. § 3143(b)(1)(B) also employs the phrase "substantial question." *Id.* In *Giancola*, the Eleventh Circuit defined a "substantial question" as "a 'close' question or one that very well could be decided the other way." 754 F.2d at 901. In the Order (Doc. # 1039) denying Mr. Scrushy's previous motion for bond, the Court determined, as it had previously (Doc. # 665, at 3), that Mr. Scrushy did not meet this showing. Rather, in reliance on two Eleventh Circuit opinions which largely affirmed the jury's verdict and which specifically rejected Defendants' *McCormick* explicit-as-express argument, *see United States v. Siegelman*, 640 F.3d 1159, 1169-72 (11th Cir. 2011), the Court determined that Mr. Scrushy's chances of obtaining a reversal or a new trial of all counts on which imprisonment has been imposed were approaching the realm of "theoretically possible," which the Court meant to be taken as "not good."[1] (Doc. # 1039, at 3.)

The Eleventh Circuit's Order staying Defendant Siegelman's mandate does not change this. That Order may have placed little or no weight on the second factor: a "fair prospect"

---

[1] Mr. Scrushy argues that the Court "misinterpreted the statutory language" in its prior Order. While true that Eleventh Circuit's opinion in *Giancola*, in reliance on the Third Circuit's opinion in *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985), toned down the meaning of "likely," the rationale behind the watering down of the term was the Third Circuit's "'unwilling[ness] to attribute to Congress the cynicism that would underlie the provision were it to be read as requiring the district court to determine the likelihood of its own error.'" *Giancola*, 754 F.2d at 900 (quoting *Miller*, 753 F.2d at 23). That rationale simply is not present in this case. This Court was not "flying solo" when it ruled on Mr. Scrushy's last bond motion. Rather, as stated above, two Eleventh Circuit opinions had upheld most of the convictions against Defendants Scrushy and Siegelman, and had specifically rejected the *McCormick* argument that Defendant Scrushy represents will be presented to the Supreme Court in the *certiorari* petition.

of a Supreme Court ruling in Scrushy's favor.[2]  In short, the Order granting Defendant

Siegelman a stay of the mandate does not change this Court's assessment that Defendant

Scrushy's forthcoming petition for certiorari does not present a "substantial question of law

. . . likely to result in . . . reversal, [or] an order for a new trial[.]" § 3143(b)(1)(B)(i and ii);

*see also Giancola*, 754 F.2d at 901 (noting that "an issue may be without controlling

[Supreme Court] precedent largely because that issue is so patently without merit that it has

not been found necessary for it to have been resolved"); *see also Siegelman*, 640 F.3d at

1171-72, 73 (concluding that "the agreement must be *explicit*, but there is no requirement

that it be *express*" and later "find[ing] no merit in this contention"); *see also id.* at 1171-72

(collecting authorities).  In this Court's continued view, Defendants' *McCormick* explicit-as-

express argument does not present a "'close' question." *Giancola*, 754 F.2d at 901.  In fact,

since 2007, when this Court first had occasion to determine that the *McCormick* explicit-as-

express issue did not present a "close question" for purposes of § 3143(b)(1)(B) (Doc. # 665,

at 3), the Eleventh Circuit has flatly rejected the argument twice in this case, and the question

has not gotten any closer in this Court's view.

---

[2]  Although the Order staying Siegelman's mandate did not elaborate on the Rule 41(d)(2) "substantial question" factors, the Eleventh Circuit's recent prior decisions indicate, at the very least, its view that the *McCormick* explicit-as-express argument, as it relates to federal-funds bribery charges, is a losing one.  *See Siegelman*, 640 F.3d at 1174; *see also United States v. White*, No. 10-13654, 2011 WL 5924430, at *4-5 & n.6 (11th Cir. Nov. 29, 2011) (published); *United States v. McNair*, 605 F.3d 1152, 1188 (11th Cir. 2010).  Based on these decisions, the Court assumes that lesser, and not more, weight was placed on the "fair prospect of prevailing on the merits" factor.

Because the Court concludes that the *McCormick* argument does not present a "substantial question," as that word is defined in *Giancola*, the Court need not address Mr. Scrushy's argument under § 3143(b)(1)(A) that he is not a flight risk or a danger to the community or any person.

Accordingly, it is ORDERED that Mr. Scrushy's renewed motion (Docs. # 1066) for release on bond pending resentencing is DENIED.

DONE this the 17th day of January, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE